United States District Court
Western District of Texas
San Antonio Division

Francisco Arroyo,                          Case # SA-11-CR-675(15) FB

    Petitioner

v.

United States of America

    Respondent.


Motion To Reduce Sentence Pursuant
To 18 U.S.C § 3582(C)(1)(A)(i) For Immediate
Release As A Result Of COVID-19 Pandemic

## I. Introduction

New Comes, the petitioner, Francisco Arroyo, for pro se, who respectfully moves this Honorable Court pursuant to the newly amended 18 U.S.C § 3582(C)(A)(i) for an Order reducing his sentence to time served for the "Extraodinary and Compelling Reasons" created by the COVID-19 Pandemic and the Prison Conditions which prevent Self-Care for a High Risk Patient.

## II. Relevant Background of The Case.

Mr. Arroyo pled guilty to count one, Conspiracy to conduct the affairs of an Enterprise, in violation of 18 U.S.C § 1962(d), on January 22, 2013.

(1)

The Court sentenced Mr. Arroyo to a term of Two Hundred Forty (240) months, with credit for time served while in custody for his federal offense pursuant to 18 U.S.C. § 3585(b). Mr. Arroyo still has not received this credit. The Court further stated it had no objection to the federal and state sentence running concurrently, leaving it up to the State Court. The B.O.P. refuses to credit the time concurrently. The Court imposed a term of five (5) years supervised release.

Extraordinary and Compelling Facts:

Extraordinary and Compelling factors warranting a reduction of Mr. Arroyo sentence to time served. Mr. Arroyo status as a High Risk Patient for the COVID-19 Virus. He suffers from Sleep Apnea and is Morbidly Obese both of which affect his respiratory function, his health slowly deteriorating, shortness of breath. Mr. Arroyo has served some 90 months of his sentence, and has not had a disciplinary infraction in over six years (60) months. Mr. Arroyo is 40 years old, serving time for Conspiracy which is now a Non-Violent offense. Six years disciplinary free demonstrates a strong commitment to rehabilitation, self-improvement and assisting others while in federal prison.

Mr. Arroyo's family is able to assist him in the transition he will be making once released from prison. They are in the position to provide him with housing, boarding. Given the opportunity they are certain that Mr. Arroyo will show that he has changed and put his experiences and skills to work, and contribute to establishing and maintaining a good standard of living. With the tangible, emotional and spiritual support Mr. Arroyo has and the

(2)

determination and tenacity he possesses he will make this transition successfully.

Mr. Arroyo request for Compassionate release was denied by the Warden. However, Courts may waive the administrative exhaustion requirement, and should do so. (see United States v. Perez __ F. Supp. 3d __ S.D.N.Y. 2020) ("the high risk of contracting COVID-19... justifies waiver of exhaustion requirements").

The futility and potentially irreparable harm of requiring Mr. Arroyo to wait for a prolonged ruling. He seeks emergency relief to avoid contracting COVID-19 at USP Allenwood where he has a high risk of infection: "Social distancing" is impossible in crowded facilities, and soap, hand sanitizer and disinfectant products are scarce. Prolonged rulings would only compound his risk of exposure to COVID-19. Should he contract the virus while awaiting a prolonged ruling - placing him in mortal danger, causing him potentially irreparable physical harm, and rendering compassionate release request utterly moot.

The factual questions at issue - the rapid spread of COVID-19 the serious danger to certain high-risk individuals, Mr. Arroyo's health conditions place him squarely in the highest fatal risk group.

With the COVID-19 pandemic, it is only a matter of time before COVID-19 finds its way into USP Allenwood, where Mr. Arroyo is housed. Conditions of confinement at USP Allenwood create an optimal environment for the transmission of contagious disease. People who work in the facility leave and return daily. People deliver supplies to the facility, inmates were having social, legal and medical visits before the BOP's decision to stop them. Public health experts are unanimous in

in their opinion that incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe," and "infection control is challenging in these settings."

Members of Congress have written to the BOP to urge that efforts be made to allow immediate release of non-violent and elderly inmates.

Given that Mr. Arroyo suffers from significant underlying health issues that make him exceptionally vulnerable to COVID-19, compelling and extraordinary circumstances exist to support compassionate release at this unique time in our country's history. There is an urgent need to act now, before the virus spreads within the prison and Mr. Arroyo becomes infected.

Conclusion

Accordingly this Honorable Court should find that extraordinary and compelling reasons warranting a reduction of Mr. Arroyo's sentence, he does not pose a danger to the community, the §3553(a) factors now support a reduction of his sentence and that the reduction sought is consistent with the Sentencing Commission's policy statements.

Dated May 5, 2020

Respectfully Submitted
Francisco Arroyo
Francisco Arroyo

Francisco Usucho
Reg # 84558-280
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Legal Mail

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
DEPUTY CLERK

MAY 11 2020

RECEIVED

United States District Court
Western District of Texas
655 East Cesar E. Chavez Boulevard
San Antonio, Texas 78206

